PEOPLE v. JOHNSON.

Gaming—Use of Premises and Apparatus—Evidence.

> In prosecution for permitting on premises controlled by defendant that apparatus be used for gambling, evidence *held,* insufficient to establish beyond a reasonable doubt that defendant controlled the premises, or that he suffered or permitted the tables, cards or dice, found thereon by police officers in an early morning raid, to be used for gambling or gaming (Act No. 328, § 302, Pub. Acts 1931).

Appeal from St. Clair, George (Fred W.), J. Submitted January 13, 1949. (Docket No. 67, Calendar No. 43,526.) Decided February 28, 1949.

Johnnie Johnson was convicted of suffering or permitting gambling on premises controlled by him. Reversed without a new trial.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Reg. S. Atkins,* Prosecuting Attorney, and *Delmar L. Cleland* and *Wilbur S. Davidson,* Assistants Prosecuting Attorney, for the people.

*Burt D. Cady* (*Lloyd V. Marlette,* of counsel), for defendant.

Boyles, J. Defendant appeals from sentence after jury trial and verdict of guilty on an information charging that on May 13, 1945, he "did suffer or permit on premises controlled by him, to-wit: 105 Grand

River avenue, in the city of Port Huron, apparatus used for gaming or gambling, to-wit: crap table, card table, cards and dice, contrary to Act No. 328, § 302, Pub. Acts 1931* (Comp. Laws Supp. 1940, § 17115–302, Stat. Ann. § 28.534)."

At the trial the people established that about 13 months prior to May, 1945, the defendant had rented part of the premises in question (a vacant store); that rent receipts were issued to his name until some time in the fall of 1945; that the defendant in 1941 had signed as the party to be billed for electric service, that the bills had been paid and no request had been made to change the billing from the name of Johnnie Johnson; that the sheriff of St. Clair county had raided the premises on May 13, 1945, about 3 o'clock in the morning, by breaking a door, found 16 or 17 persons in a large room, questioned them, placed them under arrest; that the room contained five small tables, a large table covered with oilcloth and a white felt, on which was a deck of cards, and that a smaller room contained a "crap table" and six dice. The defendant was not found to be present. No information was obtained as to who was in charge, or as to the ownership of the premises. The record states:

"The sheriff further testified he found no property of any kind, nature or description at 105 Grand River avenue belonging to Johnnie Johnson. * * * The people then called as witnesses Cecil DeWees, deputy sheriff, George Cain, special deputy, and Al Williams, special deputy, who testified they had accompanied Sheriff Lucas on the raid and none of them had any information as to the person in charge of the premises at 105 Grand River avenue at the time of the raid. They testified the defendant was not present."

* 4 Comp. Laws 1948, § 750.302.—REPORTER.

At the close of the people's case the defendant moved to "dismiss the complaint and discharge the defendant" on the grounds that there was no proof that the defendant knew the use being made of the premises, or that he was in control of them. The court denied the motion. The defendant then testified that he had moved out of said premises and had his telephone transferred to another address in December, 1944; that he had paid no rent on the premises since that time, had no knowledge of what use had been made of them, and had no charge or control over them.

There was an absence of sufficient proof to establish beyond a reasonable doubt that the premises in question were "controlled" by the defendant, or that he "suffered or permitted" the tables, cards and dice to be on said premises for gambling or gaming.

Conviction and sentence set aside, without new trial.

Sharpe, C. J., and Bushnell, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.